# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

DAVID WYATT,                                          CASE NO. 1:09-cv-01242 DLB PC

            Plaintiff,                    ORDER REQUIRING PLAINTIFF TO EITHER
                                                      FILE AMENDED COMPLAINT OR NOTIFY
    v.                                               COURT OF WILLINGNESS TO PROCEED
                                                      ONLY AGAINST DEFENDANTS ZANCHI
D. CHAPMAN, et al.,                                   AND JONES WITHIN THIRTY DAYS

            Defendants.                   (Doc. 1)

_____/

### Screening Order

**I.    Screening Requirement**

      Plaintiff David Wyatt, a state prisoner at the time of filing suit, is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. §§ 1981, 1983 and 1985.  Plaintiff filed this action on July 17, 2009.

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

      A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

## II.   Plaintiff's Claims

The events giving rise to this action allegedly occurred at California Correctional Institution ("CCI") in Tehachapi, California, where Plaintiff was previously housed.  On February 13, 2008, Plaintiff appeared for a hearing before the Classification Committee, comprised of Defendants Dalio, Steadman, Schulteis, McLaughlin, and Haining.  Plaintiff was asked where he would prefer to be transferred upon the completion of his Security Housing Unit ("SHU") term.  Plaintiff requested a transfer to CSP- Sac or Salinas Valley State Prison ("SVSP").  The Committee indicated that Plaintiff would be transferred to 4A-Facility after the completion of his SHU term, followed by a transfer to either CSP-SAC or SVSP.  Plaintiff informed the Committee that Officer Ybarra worked in 4A-Facility and that Plaintiff had previously been found guilty of threatening Officer Ybarra and assessed a SHU term.  Plaintiff informed the Committee that he did not want to be near Officer Ybarra.

On March 27, 2008, Plaintiff was moved to 4A-Facility. On April 9, 2008, Plaintiff appeared before the 4A-Facility Unit Classification Committee members Defendants Rhodes, Stallcup, Thompson, Lara, Cole, and Chapman.  Plaintiff stated that he did not want to be near Officer Ybarra and was told that he had nothing to worry about.

In or around June 2008, Plaintiff was transferred to the building where Officer Ybarra worked.  The following day, Officer Ybarra threatened to "take care" of Plaintiff.

On July 9, 2008, Plaintiff appeared before a Committee and inquired into his transfer to a different prison.  The Committee, comprised of Defendants Liles, Chapman, Cole, Stallcup, Thompson, and Van Blake, recommended that Plaintiff be transferred to either CSP-Sac or SVSP. On July 24, 2008, Plaintiff received notice that the Classification Staff Representative ("CSR") Defendant Barkley had disregarded the recommendation and endorsed Plaintiff to remain at CCI.

A.      **Failure to Protect**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. <u>Id.</u>; <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. <u>Hoptowit</u>, 682 F.2d at 1250 (9th Cir. 1982); <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994).  To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety.  <u>Farmer</u>, 511 U.S. at 834.  The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  <u>Farmer</u> at 834 (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety."  <u>Id.</u> at 837.

Plaintiff alleges that Defendants acted with deliberate indifference and put him in harm's way by placing, leaving, or endorsing Plaintiff at 4A Facility, where Officer Ybarra worked.  Such an allegation does not satisfy either the objective or subjective prongs of the deliberate indifference standard.  The fact that Defendants placed Plaintiff near Officer Ybarra is not an objectively serious deprivation and does not rise to the level of a constitutional violation.  There are no facts suggesting that Defendants knew that Officer Ybarra posed a serious threat to Plaintiff.  Plaintiff has not alleged facts showing that Defendants knew of and disregarded an excessive risk of harm to Plaintiff's safety. Plaintiff fails to state a claim for relief for violation of the Eighth Amendment. <u>Id.</u>

B.      **Retaliation**

1.      **First Amendment**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985); <u>see also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment

retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005), <u>Brodheim v. Cry</u>, --- F. 3d ---, 2009 WL 3448411, at *6-10 (9th Cir. Oct. 28, 2009).       An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983.  <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff's allegation that Defendants D. Zanchi and J. Jones retaliated against Plaintiff for filing a prison grievance complaining about his endorsement at CCI, by placing him in Administrative Segregation, is sufficient to state a claim. Fed. R. Civ. P. 8(a); <u>Rhodes</u>, 408 F.3d at 567-68.

### 2.       Eighth and Fourteenth Amendments

Plaintiff offers no explanation as to how his claim of retaliation invokes the Fourteenth Amendment.  Presuming that Plaintiff is attempting to allege a claim arising under the substantive component of the Due Process Clause, the concept of substantive due process is expanded only reluctantly and therefore, "if a constitutional claim is covered by a specific constitutional provision, . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 843 (1998) (citation and internal quotation marks omitted).  In this case, the First Amendment provides the explicit textual source of constitutional protection.

Further, Plaintiff's allegation that he was placed in Ad-Seg in retaliation for filing a prison grievance does not violate the prohibition against cruel and unusual punishment.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992) (explaining that extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation).

### 3.       42 U.S.C. § 1981, 42 U.S.C. § 1985[1]

Section 1981 prohibits racial discrimination by private parties and government actors in the

---

[1] Plaintiff asserts a cause of action under section 1985(c).  No such subsection exists.  The Court presumes that Plaintiff is asserting a claim under section 1985(3).

4

1   making and enforcement of contracts. <u>Pittman v. Oregon, Employment Dept.</u>, 509 F.3d 1065, 1067

2   (9th Cir. 2007) (citations omitted).

3        To state a claim for conspiracy under section 1985(3), Plaintiff must allege: (1) a conspiracy,

4   (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one

5   of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or

6   deprivation of any right or privilege of a citizen of the United States. <u>Gillispie v. Civiletti</u>, 629 F.2d

7   637, 641 (9th Cir. 1980); <u>Giffin v. Breckenridge</u>, 403 U.S. 88, 102-03 (1971). Section 1985 applies

8   only where there is a racial or other class-based discriminatory animus behind the conspirators'

9   actions. <u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992).

10       Plaintiff's complaint is devoid of any allegations supporting the existence of a claim under

11  sections 1981 or 1985(3).

12  **C.    Conspiracy**

13       Plaintiff states that he filed a grievance complaining of the CSR's endorsement. Plaintiff

14  alleges that Defendants Cole and Chapman conspired to deny his grievance at the second level of

15  review in order to cover up their actions, as well as those of the CSR. Plaintiff then filed a second

16  grievance complaining of the retaliation. Plaintiff contends that Defendants Chapman, Cole and

17  Zanchi attempted to cover up their retaliatory actions by denying his grievance. Plaintiff alleges that

18  Defendant Gassaway, who interviewed Plaintiff at the first and second levels of review, acted under

19  a Code of Silence. Finally, Plaintiff alleges that Defendants Hall and Granis turned a blind eye at the

20  Director's level and thus furthered the conspiracy.

21       A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting

22  of the minds to violate constitutional rights,'" <u>Franklin v. Fox</u>, 312 F.3d 423, 441 (9th Cir. 2001)

23  (quoting <u>United Steel Workers of Am. v. Phelps Dodge Corp.</u>, 865 F.2d 1539, 1540-41 (9th Cir.

24  1989) (citation omitted)), and an actual deprivation of constitutional rights, <u>Hart v. Parks</u>, 450 F.3d

25  1059, 1071 (9th Cir. 2006) (quoting <u>Woodrum v. Woodward County, Oklahoma</u>, 866 F.2d 1121,

26  1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact

27  details of the plan, but each participant must at least share the common objective of the

28  conspiracy.'" <u>Franklin</u>, 312 F.3d at 441 (quoting <u>United Steel Workers</u>, 865 F.2d at 1541).

1    The federal system is one of notice pleading, and the court may not apply a heightened

2 pleading standard to plaintiff's allegations of conspiracy.  Empress LLC v. City and County of San

3 Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119,

4 1126 (2002).  However, although accepted as true, the "[f]actual allegations must be [sufficient] to

5 raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

6 A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels

7 and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65

8 (internal quotations and citations omitted).  Plaintiff must set forth "sufficient factual matter, accepted

9 as true, to 'state a claim that is plausible on its face.'"  Iqbal,129 S.Ct. at 1949 (quoting Twombly,

10 550 U.S. at 555).

11    In this case, Plaintiff alleges that Defendants Cole, Chapman, Zanchi, Gassaway, Hall and

12 Granis have conspired together to conceal the retaliatory purpose behind his placement in Ad-Seg,

13 using the prison grievance process.  The facts as pled do not permit the Court to infer more than a

14 mere possibility of a conspiracy and thus do not give rise to an entitlement to relief.  Id.

15 **III.    Conclusion and Order**

16    Plaintiff's complaint states a claim against Defendants D. Zanchi and J. Jones for violation of

17 the First Amendment.  However, Plaintiff's allegations do not support claims against Defendants

18 Dalio, Steadman, Schulteis, McLaughlin, Haining, Rhodes, Stallcup, Liles, Van Blake, Thompson,

19 Lara, Cole, Chapman, Barkley, Gassaway, Granis or Hall.  Plaintiff also fails to state a viable

20 conspiracy claim, Eighth Amendment claim, or claims arising under sections 1981 or 1985.  The

21 Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies

22 identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

23    If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

24 against Defendants D. Zanchi and J. Jones, Plaintiff may so notify the Court in writing, and his other

25 claims will be dismissed for failure to state a claim.  Plaintiff will then be provided with two

26 summonses and two USM-285 forms for completion and return.  Upon receipt of the forms, the

27 Court will direct the United States Marshal to initiate service of process on Defendants D. Zanchi and

28 J. Jones.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal at 1948-49; Jones, 297 F.3d at 934.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendants D. Zanchi and J. Jones; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   __November 12, 2009__          _____ __/s/ Dennis L. Beck__ _____
                                          UNITED STATES MAGISTRATE JUDGE